# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| CEDRIC JERMAINE MANIOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV417-170 |
| ) | |
| IAN HEAP, Chatham County ) | |
| Assistant District Attorney, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Cedric Jermaine Manior brings this 42 U.S.C. § 1983 action against Assistant District Attorney Ian Heap. The Court now screens his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

I.  **BACKGROUND**[2]

Cedric Manior is detained at Chatham County Jail for several counts of conspiracy and possession of controlled substances and one count of illegal use of a communication facility in violation of O.G.C.A. § 16-13-30 *et seq.*. *See State of Georgia v. Manior*, CR17-0183 (Chatham Super. Ct.). He contends that the prosecutor lied about the evidence against him and that one of the arresting agents had a serious conflict of interest (and thus reason to "hate" Manior and, perhaps, manufacture evidence against him). Doc. 1 at 5. The case has been "dead docketed," meaning the prosecution has been suspended indefinitely but may be reinstated at any time. *See Manior*, CR17-0183 (motion and order for "dead docket" entered June 20, 2017). It appears that he continues to be detained at the county jail, despite his case being dead docketed.[3]

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[3] It is unclear whether plaintiff continues to be detained based solely on the charges leveled against him in CR17-0183, or if other charges remain pending elsewhere. *See* doc. 1 at 5-6. If only those charges in CR17-0183, once the case was dead docketed he should have been released from custody by an appropriate state actor. *See Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015) (a dead-docketed indictment is not active and imposes no present restraints on a defendant's liberty until reinstated) (citing

## II.   ANALYSIS

Liberally construed, plaintiff's Complaint alleges malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution* of legal process."). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. And there is no allegation that the Chatham

---

O.G.C.A. § 15-6-61(a)(4)(B)). The allegations contained in plaintiff's Complaint thus may very well entitle him to some form of relief under 42 U.S.C. § 1983. *See Cannon v. Macon County*, 1 F.3d 1558, 1561-64 (11th Cir. 1993) (recognizing the "constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release"); *see generally Davis v. Hall*, 375 F.3d 703, 714 (8th Cir. 2004) (collecting cases recognizing constitutional right to be released upon expiration of states' authority to incarcerate). However, plaintiff must bring any continued-detention claims against those individuals whose negligence resulted in his prolonged incarceration. Specifically, he must allege that a defendant, who was a state actor, was responsible for making sure he was released from prison following the State's decision not to prosecute his case. *See Cannon*, 1 F.3d 1558.

Assistant District Attorney Head is not that defendant. Prosecutors are entitled to absolute immunity from damages for their acts or omissions taken in the course of initiating a prosecution. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution *even if* he did so with malicious intent).

3

County criminal case, CR17-0183, has been resolved in his favor. *See* doc. 1. It has been dead-docketed, but by Georgia law that only means that the prosecution has been temporarily put on ice -- it remains "ongoing." *Paris v. Taft*, 630 F. App'x 895, 900 (11th Cir. 2015) ("a dead-docketed criminal case remains pending and is not terminated because dead docketing is simply a 'procedural device by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court.'") (quoting *State v. Creel*, 216 Ga. App. 394, 454 (1995)). He therefore cannot bring suit challenging the wrongful issuance of legal process until that prosecution is terminated in his favor or (any future imposed) conviction is overturned.[4]

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F.

---

[4] In the event that such state court criminal proceeding has been both reinstituted and finalized into a conviction, Manor would now be complaining of defects that necessarily imply its invalidity. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's malicious prosecution claim is dead on arrival, and does not appear amendable.[5]

### III. CONCLUSION

Accordingly, Cedric Jermaine Manior's Complaint should be **DISMISSED without prejudice**. Meanwhile, it is time for Manior to pay his filing fee. His PLRA paperwork reflects an average monthly balance of $18.86 and average monthly deposits of $29.16. Doc. 5. He therefore owes an initial partial filing fee of $3.77. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee

---

[5] Despite the lack of any apparent basis for viable amendment, Manior's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  10th   day of October, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA